1  Scott H. Frewing (SBN 191311)
   Andrew P. Crousore (SBN 202195)
2  Jay Cha-young Kim (SBN 266360)
   Victoria A. Kovanis (SBN 289275)
3  **BAKER & McKENZIE LLP**
   660 Hansen Way
4  Palo Alto, CA 94304-1044
   Telephone: +1.650.856.2400
5  Facsimile: +1.650.856.9299
   scott.frewing@bakermckenzie.com
6  andrew.crousore@bakermckenzie.com
   jay.kim@bakermckenzie.com
7  victoria.kovanis@bakermckenzie.com

8  Attorneys for Plaintiff
   Facebook, Inc.
9

10               UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13  FACEBOOK, INC. AND SUBSIDIARIES,     Case No. 3:16-cv-05884-LB

14             Plaintiff,                **NOTICE OF MOTION AND MOTION
                                         TO COMPEL PRODUCTION OF
15       v.                              CERTAIN DOCUMENTS IN NATIVE
                                         FORM MAINTAINED BY THE IRS**
16  INTERNAL REVENUE SERVICE,
                                         Date:  June 8, 2017
17             Defendant.                Time:  9:30 am
                                         Dept.: Courtroom 15-C

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

**TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION ............................................................................................................. 1

II.  STATEMENT OF FACTS .............................................................................................. 2

    A.   Facebook's FOIA Requests ................................................................................. 2

    B.   IRS Electronic Records ........................................................................................ 2

    C.   IRS Initial FOIA Productions to Facebook .......................................................... 4

    D.   IRS Ability to Reproduce Electronic Records ..................................................... 4

III. ARGUMENT ................................................................................................................... 5

    A.   The IRS is Required to Produce Records in Their Native Form Because the Records Exist in that Format and Are Readily Reproducible ..................................... 5

    B.   The IRS Position Wrongly Prevents Reasonable Access to Records ................... 8

    C.   Metadata is a Fundamental Component of Electronic Records ........................... 9

    D.   To the Extent the IRS Produces a Record Not in Native Form, the IRS Must Provide Metadata ........................................................................................... 10

IV.  CONCLUSION .............................................................................................................. 12

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

i

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

# **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*AI-Daiwa, Ltd. v. Apparent, Inc.*,
  No. C 13-04156 VC (LB), 2014 U.S. Dist. LEXIS 103016 (N.D. Cal. July 28, 2014) ................................................................................................................................11

*Amazon.com, Inc. v. Comm'r*,
  No. 31197-12, 2017 U.S. Tax Ct. LEXIS 9 (T.C. Mar. 23, 2017) .............................................2, 3

*Armstrong v. Exec. Office of the President*,
  1 F.3d 1274 (D.C. Cir. 1993) ..................................................................................................9

*Fagel v. DOT*,
  991 N.E.2d 365 (Ill. App. Ct. 2013) ......................................................................................10

*Families for Freedom v. United States Customs & Border Prot.*,
  837 F. Supp. 2d 287 (S.D.N.Y. 2011) .....................................................................................7

*Irwin v. Onondaga Cnty. Res. Recovery Agency*,
  895 N.Y.S.2d 262 (N.Y. App. Div. 2010) .............................................................................10

*Lake v. City of Phoenix*,
  218 P.3d 1004 (Ariz. 2009) ...................................................................................................10

*Martinelli v. Johnson & Johnson*,
  No. 2:15-cv-01733-MCE-EFB, 2016 U.S. Dist. LEXIS 53146 (E.D. Cal. Apr. 13, 2016) ................................................................................................................................10

*McDonnell v. United States*,
  4 F.3d 1227 (3d Cir. 1993) .................................................................................................8, 9

*O'Neill v. City of Shoreline*,
  240 P.3d 1149 (Wash. 2010) .................................................................................................10

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
  No. MD 05-1720 (JG) (JO), 2007 U.S. Dist. LEXIS 2650 (E.D.N.Y. Jan. 12, 2007) ................................................................................................................................11

*Plantronics, Inc. v. ALIPH, Inc.*,
  No. C 09-01714 WHA (LB), 2012 U.S. Dist. LEXIS 152297 (N.D. Cal. Oct. 23, 2012) ..................................................................................................................................9

*Public.Resource.org v. United States IRS*,
  78 F. Supp. 3d 1262 (N.D. Cal. 2015) ................................................................................5, 7

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

ii

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

**Page(s)**

*Scudder v. CIA*,
    25 F. Supp. 3d 19, 38 (D.D.C. 2014) ..................................................................................6, 8

*TPS, Inc. v. U.S. Dep't of Defense*,
    330 F.3d 1191 (9th Cir. 2003) .......................................................................................6, 8, 12

*United States v. Brudent*,
    No. EP-15-CV-00118-DCG, 2015 U.S. Dist. LEXIS 81723 (W.D. Texas 2015) .....................7

*United States v. Eaton Corp.*,
    No. 12 MC 24, 2012 U.S. Dist. LEXIS 115003 (N.D. Ohio 2012) ..........................................7

*United States v. Garrity*,
    187 F. Supp. 3d 350, 352 (D. Conn. 2016) ..............................................................................7

*Veritas Software Corp. v. Commissioner*,
    133 T.C. 297 (2009) ............................................................................................................2, 3

*Wade v. IRS*,
    771 F. Supp. 2d 20 (D.D.C. 2011) ............................................................................................7

*Williams v. Sprint/United Mgmt. Co.*,
    230 F.R.D. 640 (D. Kan. 2005) ..............................................................................................11

**Statutes**

5 U.S.C. § 552(a)(3)(B) (2012) .......................................................................................................6

5 U.S.C. § 552(f)(2) (2012) ............................................................................................................5

44 U.S.C. § 3301(a) (2012) .............................................................................................................9

**Regulations**

26 C.F.R. § 601.702(c)(2)(i) .......................................................................................................6, 7

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 1 ............................................................................................................................11

Fed. R. Civ. P. 34(a)(1)(A) ...........................................................................................................10

Fed. R. Civ. P. 34(b) .....................................................................................................................11

Fed. R. Civ. P. 81 ..........................................................................................................................11

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

iii

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

**Page(s)**

**Internal Revenue Manual**

IRM 1.10.3.1 (November 17, 2016) ...................................................................................................3

IRM 1.10.3.2.4 (November 17, 2016) ................................................................................................3

IRM 1.15.6.2 (June 1, 2010) ...............................................................................................................3

IRM 1.15.6.13 (November 23, 2016) .................................................................................................4

IRM 11.3.13.6.2 (August 14, 2013) ....................................................................................................6

IRM 21.2.1.2 (October 1, 2011) .........................................................................................................4

**Other Authorities**

H.R. REP. NO. 104-795 (1996) ....................................................................................................6, 12

Honorable Ron Wyden, Chairman, and the Honorable Orrin Hatch, Ranking Member, Committee on Finance, United States Senate (June 13, 2014) , (http://www.gop.gov/app/uploads/2014/04/IRS_WydenHatchResponse.pdf), ("Oursler Letter") ..................................................................................................................5, 7

Memorandum from Celia Doggette, Director, Identity and Records Protection (May 5, 2016), (https://www.irs.gov/pub/foia/ig/spder/Separating%20Employee%20Clearance%20Interim%20Guidance(5.05.16).pdf), ("Doggette Letter") ..........................................4

*The Sedona Principles: Second Edition, Best Practices Recommendations and Principles for Addressing Electronic Document Production*, page 61 (Sedona Conference Working Group Series 2007) ..........................................................................................9

Written Testimony of the Internal Revenue Service Before the House Oversight and Government Reform Committee on IRS Records Management Procedures (February 11, 2016), (https://oversight.house.gov/wp-content/uploads/2016/02/IRS-Statement-2-11-Document-Preservation.pdf), ("IRS House Oversight Testimony") ........................5, 7

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

iv

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on June 8, 2017 in Courtroom 15-C of this Court, Plaintiff, Facebook, Inc. and Subsidiaries ("Facebook"), will move this Court for an order requiring Defendant, the Internal Revenue Service ("IRS"), to produce in native electronic form certain records responsive to Facebook's two August 5, 2016 Freedom of Information Act ("FOIA") requests that the IRS maintains in electronic form.

# RELIEF REQUESTED

Facebook requests that this Court order the IRS to:

(1) produce spreadsheet (e.g., Microsoft Excel), word processing document (e.g., Microsoft Word), and presentation (e.g., Microsoft PowerPoint) files that the IRS maintains in electronic format in their native electronic form; and

(2) produce emails in the electronic format in which the IRS maintains them, or, if the IRS elects, in a standard "load file" with typical email metadata, including the fields listed in Attachment A to this Motion.[1]

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

In response to Facebook's FOIA requests, the IRS refuses to produce in electronic format various spreadsheets, documents, presentations, and emails that it maintains in that form.

Instead, the IRS asserts that it may convert its electronic records to a different format, even if the converted format destroys the integrity of the records and makes the records unintelligible. For example, in its production of records to Facebook on February 28, 2017, the IRS provided a single Excel spreadsheet in more than 16,000 PDF pages. Because in this instance the file was a spreadsheet that Facebook originally provided to the IRS in 2013 in native Excel format (pursuant to an IRS request for native format), Facebook knows the IRS maintained this file, and others, in native form. Kim Decl. 2 ¶ 8.

The parties have met and conferred, and the IRS resists Facebook's request for IRS records

---

[1] The metadata fields requested are the same fields Facebook provides to the IRS in a related suit, *United States of America v. Facebook, Inc. and Subsidiaries*, No. 3:16-cv-03777-LB (N.D. Cal. filed July 6, 2016).

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

1

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

in the form in which the IRS maintains the files.

## II.  STATEMENT OF FACTS

### A.  Facebook's FOIA Requests

On August 5, 2016, Facebook made two FOIA requests to the IRS for records related to an IRS audit of Facebook's 2008 through 2010 tax years. Declaration of Jay Cha-young Kim ¶ 2, *Facebook, Inc. and Subsidiaries v. Internal Revenue Service*, No. 3:16-cv-05884-LB (N.D. Cal. filed October 11, 2016), ECF No. 1-5. ("Kim Decl. 1"). Both of Facebook's FOIA requests include requests for electronic records. Kim Decl. 1 Ex. A, at 1; Kim Decl. 1 Ex. B, at 1-2.

On October 11, 2016, Facebook filed a complaint seeking production of the records requested under FOIA. Complaint ¶¶ 14-26, *Facebook, Inc. and Subsidiaries v. Internal Revenue Service*, No. 3:16-cv-05884-LB (N.D. Cal. filed October 11, 2016), ECF No. 1. Facebook seeks records related to an IRS audit of Facebook in which the IRS has alleged a significant tax deficiency without providing any of the typical underlying information supporting a notice of deficiency. *Id.*¶¶ 11-13. As a result, Facebook has had to state in its publicly filed financial statements that it is not aware of the total financial consequence of the IRS proposed adjustment. Facebook, 10-Q (Nov, 3, 2016) at 19 (stating that the impact of the IRS position ranges from $3.0 - $5.0 billion).

### B.  IRS Electronic Records

The IRS audit of Facebook focused on the "transfer price" at which Facebook transferred certain technology and other intangibles to Facebook's Irish affiliate. Declaration of Jay Cha-young Kim, dated April 13, 2017, ¶ 2 ("Kim Decl. 2"). Such IRS transfer pricing audits are common, and the IRS regularly asserts similar positions adverse to taxpayers that impose significant burdens upon taxpayers and are not sustained by the courts. *See Amazon.com, Inc. v. Comm'r*, No. 31197-12, 2017 U.S. Tax Ct. LEXIS 9, at *91, *179 (T.C. Mar. 23, 2017) (finding the Commissioner's primary valuation approach arbitrary and capricious and that the Commissioner abused his discretion); *Veritas Software Corp. v. Commissioner*, 133 T.C. 297 (2009) (same).

During the course of the audit, Facebook responded to many informal IRS information document requests that included, *inter alia*, extensive financial data in native Excel files. *See* Kim Decl. 2 ¶ 5. In addition, in its formal summonses issued to Facebook, the IRS demanded files in

2

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

native form and with metadata in a load file format, including in a case related to this suit.  *See* Kim Decl. 2 Ex. A, at 12-23, (IRS summons requiring "[a]ll applicable metadata shall be extracted and produced [].  All data shall be provided in Concordance load file format…Spreadsheet files (ex: Excel) shall be produced in native file format 'as kept in the ordinary course of business.'  The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata.").

During the audit, Facebook and the IRS had multiple meetings regarding the transfer price for the Ireland transaction, the IRS provided Facebook certain spreadsheets in native Excel format, and during meetings an IRS economist and agents made presentations using what appeared to be Microsoft PowerPoint, and discussed economic analysis that included data from spreadsheets.  *See* Kim Decl. 2 ¶¶ 2-4.  Facebook has used email to communicate with the IRS as well.  *See* Kim Decl. 2 ¶ 5.  The IRS also recognizes email is "commonly used in business as an official form of communication."  IRM 1.10.3.1 (November 17, 2016).

Economic analysis using relatively complex spreadsheets is common in transfer pricing matters, and Facebook sought to discuss such analysis with the IRS during its audit of Facebook.  *See* Kim Decl. 2 ¶ 2-3; s*ee also Amazon.com*, 2017 U.S. Tax Ct. LEXIS 9 (describing various economic models including an IRS discounted cash flow analysis and income method analysis); *Veritas*, 133 T.C. 297 (describing an IRS discounted cash flow analysis).  Understanding the IRS position in such matters frequently requires evaluating various economic inputs including discount rates and assumptions about economic life of intangibles.  *See Amazon.com*, 2017 U.S. Tax Ct. LEXIS 9.

Because of its widespread use of electronic records, such as spreadsheets, word processing documents, and presentations, the IRS has published internal procedures for maintaining such records.  *See* IRM 1.15.6.2 (June 1, 2010).  Consistent with its regular use of emails, the IRS also maintains "information in email systems regarding the identities of sender and addressee(s), and the data and time messages were sent (sometimes referred to as metadata)."  *Id.*  The IRM likewise recognizes that "[e]mails provided in response to a FOIA must include the addressee, date and time" as these fields are part of the record for FOIA purposes.  IRM 1.10.3.2.4 (November 17, 2016).  Like

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

3

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

most large organizations, the IRS maintains electronic records within both centralized systems and on individual employee hard drives. *See* IRM 21.2.1.2 (October 1, 2011); IRM 1.15.6.13 (November 23, 2016); *see also* Memorandum from Celia Doggette, Director, Identity and Records Protection (May 5, 2016) (published on https://www.irs.gov/pub/foia/ig/spder/Separating%20 Employee%20Clearance%20Interim%20Guidance(5.05.16).pdf) ("Doggette Letter") (describing retention of electronic files for separating employees, including emails, word processing documents, and spreadsheets saved to employee hard drives).

### C. IRS Initial FOIA Productions to Facebook

On November 28, 2016, the IRS made its first disclosure of documents in response to Facebook's FOIA requests. Kim Decl. 2 ¶ 7. The IRS produced additional documents on December 22, 2016, February 3, 2017, February 28, 2017, March 28, 2017, and March 29, 2017. *Id.* The documents released consist of Facebook's tax returns and documents provided by Facebook to the IRS during the audit of Facebook's taxable years ended December 31, 2008, December 31, 2009, and December 31, 2010 (the "2008-2010 tax audit"). *Id.*

As part of the February 28, 2017 disclosure, the IRS provided to Facebook a single Excel spreadsheet in the form of more than 16,000 PDF pages. Kim Decl. 2 ¶ 8. For this particular file, Facebook was aware of the contents because Facebook had previously provided a version of the Excel spreadsheet to the IRS in native Excel format in 2013 in connection with the 2008-2010 tax audit. *Id.* However, Facebook is wholly unable to discern what edits, changes, or comments the IRS may have made to the file because it is impossible to reconstruct the file from more than 16,000 pages of gibberish. *Id.*

Facebook discussed its request for certain native electronic files and email metadata with counsel for the IRS in several phone calls during the first three months of 2017. Kim Decl. 2 ¶ 9. The IRS informed Facebook that it will (i) not provide files in the electronic form in which the IRS maintains the records; and (ii) not provide emails in a standard load file with typical metadata. *Id.*

### D. IRS Ability to Reproduce Electronic Records

The IRS has the ability to reproduce electronic records, and it has done so previously. For example, during its audit of Facebook, the IRS provided certain copies of native Excel files to

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

4

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

Facebook.  Kim Decl. 2 ¶ 4.  Further, as part of its regular operations the IRS has analyzed the computer hard drives of current and former IRS employees who were identified as custodians for FOIA cases.  *See* Written Testimony of the Internal Revenue Service Before the House Oversight and Government Reform Committee on IRS Records Management Procedures (February 11, 2016) (published on https://oversight.house.gov/wp-content/uploads/2016/02/IRS-Statement-2-11-Document-Preservation.pdf) ("IRS House Oversight Testimony").

The IRS also uses typical e-discovery tools to review IRS email, demonstrating it has standard review and production capabilities.  *See* Attachment to letter from Leonard Oursler, Area Director, Internal Revenue Service, to the Honorable Ron Wyden, Chairman, and the Honorable Orrin Hatch, Ranking Member, Committee on Finance, United States Senate, page 12 (June 13, 2014) (published on http://www.gop.gov/app/uploads/2014/04/IRS_WydenHatchResponse.pdf) ("Oursler Letter") ("After an employee's email is collected…email can be loaded onto an eDiscovery platform tool, where it can be searched using search terms and/or date limitations when appropriate.").

Finally, the IRS has previously produced files, including spreadsheets, in native file format. *See, e.g., Public.Resource.org v. United States IRS*, 78 F. Supp. 3d 1262 (N.D. Cal. 2015) (holding that electronic versions of Form 990s were readily reproducible under FOIA and ordering production); Oursler Letter at 13 (describing IRS production of native Excel spreadsheets); see also Kim Decl. 2 ¶ 4 (IRS was able to make copies of and provide Excel files during IRS audit of Facebook).

**III.   ARGUMENT**

    **A.   The IRS is Required to Produce Records in Their Native Form Because the Records Exist in that Format and Are Readily Reproducible**

FOIA defines a "record" as "any information that would be an agency record subject to the requirements of this section when maintained by an agency in any format, including an electronic format."  5 U.S.C. § 552(f)(2) (2012).  Hence, Facebook has properly requested records the IRS maintains in electronic form.

FOIA requires that "an agency shall provide the record in any form or format requested by

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

5

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

the person if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(a)(3)(B) (2012).   In 1996, Congress explicitly included this requirement to "help requestors by providing information in the form requested, including requests for the electronic form of records…" H.R. REP. NO. 104-795, at 21 (1996).  Congress said the amendment overruled past precedent which held that an agency only needed to provide records in a reasonably accessible form.  *Id.*

The U.S. Treasury Department has issued a regulation implementing the "readily reproducible" mandate for electronic records and directed that the IRS shall produce electronic records that can be copied in an intact electronic format.  Specifically, the regulation directs that "readily reproducible"  for electronic records means "a record or records that can be downloaded or transferred intact to a floppy disk, computer disk (CD), tape, or other electronic medium using equipment currently in use by the office or offices processing the request." 26 C.F.R. § 601.702(c)(2)(i).

The Internal Revenue Manual similarly requires the IRS to provide records in response to a FOIA request "in any format requested if readily reproducible in that format." IRM 11.3.13.6.2 (August 14, 2013).   For IRS documents in electronic format, "records that are readily reproducible generally are those that can be printed, downloaded, or transferred intact to a floppy disk, compact disk (CD), magnetic tape, or other electronic media using equipment currently in use by the office(s) processing the request." *Id.*

Consistent with the statute, the Treasury Regulation, and the Internal Revenue Manual, the Ninth Circuit has held that an agency that "has the capability to readily reproduce documents in the requested format" must do so. *TPS, Inc. v. U.S. Dep't of Defense*, 330 F.3d 1191, 1195 (9th Cir. 2003).  Further, when documents are requested in an existing format, "it would be a highly unusual case where the records would not thereby be readily reproducible." *Scudder v. CIA*, 25 F. Supp. 3d 19, 38 (D.D.C. 2014) (internal quotations omitted).

In short, the statute, the regulation, and the courts focus on two elements:  (i) there must be a request for records in the desired format; and (ii) the records must be readily reproducible in the format requested.  Both requirements are satisfied here.

First, Facebook requested files in the electronic format in which the IRS maintains them,

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

6

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

along with email that includes a standard load file with typical email metadata. Kim Decl. 2 ¶ 9.

Second, the records are readily reproducible in the format requested by Facebook because they are already in the requested format and they can be readily copied. *See* 26 C.F.R. § 601.702(c)(2)(i); IRS House Oversight Testimony; Oursler Letter (stating that the IRS has produced Excel files in native format); Kim Decl. 2 ¶ 4 and Ex. A, at 12-23 (stating that the IRS has previously provided Excel files in native format and the IRS requested metadata and native documents such as Excel spreadsheets). The IRS has also publicly stated it has the capability to copy such files. Oursler Letter, at page 12-13 (stating that the IRS copies files and uses an e-discovery tool). Indeed, as this Court knows from everyday experience, Excel files, word processing documents, and presentation files are readily copied.

Not surprisingly then, courts have ordered the IRS and other agencies to provide native files and metadata in other FOIA matters. *See Public.Resource.org v. United States IRS*, 78 F. Supp. 3d 1262 (N.D. Cal. 2015) (holding that Form 990s were readily reproducible under FOIA in electronic format); *see also Families for Freedom v. United States Customs & Border Prot.*, 837 F. Supp. 2d 287, 304 (S.D.N.Y. 2011) (metadata could not be withheld if it contained information about the creation dates of various documents requested under FOIA).[2] Because the requested records here are readily reproducible, the Court should similarly order the production of native files in this case.

Finally, the IRS cannot credibly argue that its spreadsheets, documents, presentations, and emails are not readily reproducible in native form when the IRS (like other government agencies) regularly demands that taxpayers make such productions in response to summonses, subpoenas, or civil discovery. *See* Kim Decl. 2 Ex. A, at 12-23 (demanding certain native files and email metadata); *United States v. Eaton Corp.*, No. 12 MC 24, 2012 U.S. Dist. LEXIS 115003, at *33-34 (N.D. Ohio 2012) (privilege log dispute involving an IRS summons demanding Excel files); *United States v. Brudent*, No. EP-15-CV-00118-DCG, 2015 U.S. Dist. LEXIS 81723, at *7 (W.D. Texas

---

[2] Additional cases demonstrate the IRS produces Excels and PowerPoint slides in FOIA matters, although whether the IRS did so in native form is not apparent in the court opinions. *See Wade v. IRS*, 771 F. Supp. 2d 20, 23 (D.D.C. 2011) (IRS "released an Excel spreadsheet consisting of 44,864 records" listing thousands of individual return preparers, suggesting it was in native form); *United States v. Garrity*, 187 F. Supp. 3d 350, 352 (D. Conn. 2016) ("unredacted PowerPoint slides from an IRS training program").

7

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

2015) (IRS demand for post-judgment discovery in Excel format).

### B.    The IRS Position Wrongly Prevents Reasonable Access to Records

Agencies are charged with "a standard of reasonableness" when "evaluating reproducibility" under FOIA. *TPS, Inc.*, 330 F.3d at 1197.  For example, one court recently chastised the CIA for proposing "to release over 19,000 pages of paper printouts, even though this very method was singled out by Congress as an example of an archaic system out of step with the times nearly twenty years ago…" *Scudder v. CIA*, 25 F. Supp. 3d 19, 22 (D.D.C. 2014).

Here, the IRS position regarding spreadsheets is not reasonable.  As this Court is aware, the value of a spreadsheet is the ability to automatically calculate values from large quantities of data, including common financial operations such as net present values.   In this case, Facebook seeks spreadsheets reflecting how the agency has made various numerical determinations, whether by adjusting spreadsheets the IRS required Facebook produce in native form, or in spreadsheets created by IRS personnel.  In either case, key attributes of the record include the formulas applied to that data, which the IRS insists it is not required to disclose.

The IRS position also prevents reasonable access to word processing documents and presentation files, which can frequently include comments or revisions that are apparent in native form, and not in printed form.  For example, an IRS draft report may have revisions in "track changes" or in a comment "bubble" that are not visible in printed form and only identifiable in electronic form.   It is not only the substance of such comments that can be relevant, but also the identity of the author, because IRS procedures require that individuals holding certain positions make certain findings.  The IRS position is that it is not required to produce these portions of its records even though they exist as part of the record.

As one court has observed, in adopting the readily reproducible requirement, "Congress anticipated that recalcitrant agencies would resist being responsive to requesters' format choices, and therefore required agencies to make reasonable efforts to maintain those records in formats that are reproducible." *Scudder*, 25 F. Supp. 3d at 46 (internal quotations omitted).

The IRS position also violates the requirement that agencies not produce poor quality records. For example, in *McDonnell v. United States*, the Government's production of documents in

8

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

response to a FOIA request included documents that were "impossible to read." 4 F.3d 1227, 1261 n.21 (3d Cir. 1993). The court said it expected the requester would "receive the best possible reproductions of the documents to which he is entitled." *Id.* Here, the IRS conversion of a single Excel workbook into 16,000 PDF pages, rendering it unusable, is no different than the IRS disassembling a number of lengthy paper documents and jumbling the production into a mess of disorderly pages. This Court should not countenance such unreasonable behavior.

### C. Metadata is a Fundamental Component of Electronic Records

As this Court has recognized, a document "might not be useful at all unless the production includes information captured by metadata. . ." *Plantronics, Inc. v. ALIPH, Inc.*, No. C 09-01714 WHA (LB), 2012 U.S. Dist. LEXIS 152297 at *36 (N.D. Cal. Oct. 23, 2012). Similarly, the Sedona Conference has said that "[e]lectronically stored information is fundamentally different from paper information" and therefore it must be approached differently. *See The Sedona Principles: Second Edition, Best Practices Recommendations and Principles for Addressing Electronic Document Production*, page 61 (Sedona Conference Working Group Series 2007). Treating electronically stored information like a "paper document collection will likely lead to a failure to fully consider the complex issues involved and a failure to select the most relevant and functional form of production." *Id.*

Federal courts recognize that metadata is an integral component of governmental records in other contexts, such as the Federal Records Act ("FRA"). Similar to FOIA, the FRA defines "records" broadly to include "all recorded information, regardless of form or characteristics…" 44 U.S.C. § 3301(a) (2012). In *Armstrong v. Exec. Office of the President*, the court found that paper print-outs of electronic documents violated the FRA because "essential transmittal information relevant to a fuller understanding of the context and import of the electronic communication will simply vanish." 1 F.3d 1274, 1280 (D.C. Cir. 1993). The court called paper printouts "dismembered documents" that were "akin to traditional memoranda with the 'to' and 'from' cut off and even the 'received' stamp pruned away." *Id.* at 1285. Keeping only the "amputated paper [printouts]," was "inconsistent with Congress' evident concern with preserving a *complete* record." (emphasis in the original) *Id.*

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

9

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

In addition, state courts widely hold that metadata is part of public records pursuant to state freedom of information laws and thus must be disclosed. *See Fagel v. DOT*, 991 N.E.2d 365, 371-372 (Ill. App. Ct. 2013) (affirming that an unlocked Excel spreadsheet, including metadata, must be provided in response to an Illinois Freedom of Information Act request, as a locked version without metadata was akin to a PDF, which "flies in the face of the statute" requiring the data to be provided "in the format in which it is maintained"); *Irwin v. Onondaga Cnty. Res. Recovery Agency*, 895 N.Y.S.2d 262, 319 (N.Y. App. Div. 2010) (finding that petitioner's request for "all computer records that are associated with published [photographs]" included a demand for the metadata associated with those images, and that the metadata should have been disclosed pursuant to New York's Freedom of Information Law); *O'Neill v. City of Shoreline*, 240 P.3d 1149, 1152 (Wash. 2010) (holding, in a matter of first impression, that metadata associated with an email sent to a public official constituted a public record subject to disclosure under Washington's Public Records Act); *Lake v. City of Phoenix*, 218 P.3d 1004, 1007-08 (Ariz. 2009) ("[T]he metadata in an electronic document is part of the underlying document; it does not stand on its own. When a public officer uses a computer to make a public record, the metadata forms part of the document as much as the words on the page.").

### D.   To the Extent the IRS Produces a Record Not in Native Form, the IRS Must Provide Metadata

Because metadata is an integral part of a record, to the extent the IRS elects not to produce a file in its native form, the Court should require the IRS to produce the metadata with the converted record.  In particular, Facebook recognizes that in many email productions, parties do not produce email in native form, but rather produce a "load file" of images and standard email metadata such as the "from," "to," "date," "time," and other similar fields. *See, e.g., Martinelli v. Johnson & Johnson*, No. 2:15-cv-01733-MCE-EFB, 2016 U.S. Dist. LEXIS 53146, at *21-25 (E.D. Cal. Apr. 13, 2016). If the IRS declines to produce emails in native form, it should be required to produce metadata separately.

Fed. R. Civ. P. 34(a)(1)(A) requires that when a document or electronically stored information ("ESI") is not produced in native format, it must be produced in "a reasonably usable

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

10

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

form." The 2006 Advisory Committee Note to Fed. R. Civ. P. 34(b) further explains that if ESI is kept in electronically-searchable form, it "should not be produced in a form that removes or significantly degrades this feature." Recently, this Court said that "documents should be produced electronically (not in hard copy), and native file production (or at least processed ESI that contains relevant metadata) is better than paper production." *AI-Daiwa, Ltd. v. Apparent, Inc.*, No. C 13-04156 VC (LB), 2014 U.S. Dist. LEXIS 103016, at *8 (N.D. Cal. July 28, 2014). *See also Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 652 (D. Kan. 2005) ("[M]etadata is an inherent part of an electronic document, and its removal ordinarily requires an affirmative act by the producing party that alters the electronic document.").

FOIA and the Federal Rules of Civil Procedure thus complement each other.[3] As described above in Part III. A., FOIA requires production in "any form or format requested by the person if the record is readily producible by the agency in that form or format." Consistent with the FOIA requirement that the native form of production be technically feasible, Fed. R. Civ. P. 34(b) mandates that when production is not in native form, it must nonetheless be reasonably usable. As a result, in those circumstances in which an agency is not able to produce a record in native form (presumably a rare circumstance for common file formats such as Excel, Microsoft Word, or PowerPoint), the agency must follow Fed. R. Civ. P. 34(b) and produce the record in a usable form, including metadata when it is an integral part of the record. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. MD 05-1720 (JG) (JO), 2007 U.S. Dist. LEXIS 2650, at *14 (E.D.N.Y. Jan. 12, 2007) (a "reasonably usable" form of electronic data can be produced, but failing to supply metadata "run[s] afoul" of Fed. R. Civ. P. 34(b)).

Here the IRS position fails to comply with either FOIA or Rule 34 because the IRS contends that it is not required to produce the readily reproducible native files, *and* it is not required to

---

[3] The Federal Rules of Civil Procedure generally apply, however, to "all civil actions and proceedings in the United States district courts," except as stated in Rule 81. *See* Fed. Rs. Civ. P. 1, 81 (not excluding FOIA matters). Hence, on their face, the Federal Rules apply to FOIA. Facebook has not identified, however, a case addressing whether the discovery rules govern FOIA productions. The Court need not resolve this issue, however, because the fundamental goal underlying both the FOIA statute and the Federal Rules is the same —facilitating the exchange of information in an expeditious and just manner. Common sense dictates that at a minimum, in FOIA matters the test of what is "reasonably reproducible" should be informed by how courts and litigants regularly exchange documents in the twenty-first century.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

11

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS

produce metadata. As described above, under FOIA, electronic records are incomplete without metadata. Congress adopted "a comprehensive policy that records in electronic formats are agency records subject to the [FOIA]." H.R. REP. NO. 104-795, at 19 (1996). Those policies "reflect a Congressional choice to expand, rather than narrow, the agencies' obligations under FOIA and to encourage government agencies to use advancing computer technology…not only to conduct agency business and store data but also to enhance public access to records." *TPS, Inc.*, 330 F.3d at 1196-1197 (internal quotations omitted).

## IV. CONCLUSION

For the reasons above, the Court should order the IRS to produce in electronic form those spreadsheets, documents, and presentations that the IRS maintains in electronic format. Similarly, the Court should order the IRS to produce emails in native format. To the extent the IRS is unable to produce a file in native form, it should be required to provide metadata.

Dated: April 13, 2017

Respectfully submitted,

BAKER & McKENZIE LLP

By: /s/ Scott H. Frewing
Scott H. Frewing
Andrew P. Crousore

Attorneys for Plaintiff
Facebook, Inc.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

12

Case No 3:16-cv-05884-LB
Notice of Motion and Motion to Compel Production of Certain Documents in Native Form Maintained by the IRS